UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN A. STENDER, | Civil No. 04-4491 (JRT/JGL) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Fay E. Fishman, **PETERSON & FISHMAN, P.L.L.P.**, 3009 Holmes Avenue South, Minneapolis, MN 55408, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Plaintiff Susan Stender brings this action against the Commissioner of Social Security seeking judicial review of the denial of her application for disability insurance benefits. In a report and recommendation dated August 5, 2005, United States Magistrate Judge Jonathan G. Lebedoff recommended that the Court deny plaintiff's motion for summary judgment and grant defendant's motion for summary judgment. This matter is before the Court on plaintiff's objections to the Report and Recommendation.

The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff was thirty-four years old at the time of the administrative hearing. Plaintiff's past relevant work includes employment as a sedentary small parts assembler. Plaintiff filed the current application for disability insurance benefits on August 1, 2002, alleging she became disabled on June 30, 1997. She claims she is unable to work because she suffers from multiple sclerosis ("MS"), weakness, fatigue, pains in her legs and neck, and depression.

The Social Security Administration denied plaintiff's claim initially and on reconsideration. She timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 11, 2004. Plaintiff, a neutral medical expert, and a vocational expert testified at the hearing. Plaintiff's medical records and the written opinions of her treating physician that plaintiff was unable to work were submitted into the record.

The ALJ denied plaintiff's claim on June 22, 2004. In his decision, the ALJ applied the sequential, five-step analysis prescribed by the social security regulations. 20 C.F.R. 404.1520(a)-(f). First, the ALJ concluded that plaintiff had not engaged in the level of gainful activity that precluded a finding of disability. Next, the ALJ concluded that plaintiff suffered from severe impairments of MS, degenerative disc disease of the cervical and lumbar spine, and depression. Upon comparing plaintiff's severe impairments with those identified in the regulations, examining the impact of plaintiff's severe mental impairment, and considering the record evidence and the testimony of the

medical examiner, the ALJ concluded at step three that plaintiff's impairments, alone or in combination, did not meet or equal the criteria of any listed impairment. After determining plaintiff's residual functional capacity, the ALJ concluded at step four that plaintiff could perform her past relevant work. Accordingly, the ALJ determined that plaintiff was not disabled or entitled to benefits.

Plaintiff requested a review of the ALJ's decision and submitted additional evidence. The Appeals Council denied the request, thereby making the ALJ's decision the final decision of the Commissioner. Plaintiff filed this civil action seeking review of the administrative decision.

## ANALYSIS

I.  **STANDARD OF REVIEW**

Judicial review of defendant's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994). In reviewing the record for substantial evidence, the Court must consider both evidence that supports and evidence that detracts from defendant's decision. *Warburton v. Apfel,* 188 F.3d 1047, 1050 (8th Cir. 1999); *Newton v. Chater*, 92 F.3d 688, 692 (8th Cir. 1996). The possibility that the Court may have weighed the evidence differently and drawn a different conclusion is not a basis for reversal. *See Culbertson*, 30 F.3d at 939. "We do not reweigh the evidence presented to the ALJ." *Loving v. Dep't of Health and Human*

*Servs.*, 16 F.3d 967, 969 (8th Cir. 1994). "[It is] the statutory duty of the ALJ, in the first instance, to assess the credibility of the claimant and other witnesses." *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992).

## II. PLAINTIFF'S OBJECTIONS

Plaintiff challenges the Magistrate Judge's recommended denial of her motion for summary judgment on the following grounds: 1) the ALJ incorrectly discounted the opinion of plaintiff's treating physician that she was unable to work; 2) the ALJ improperly discounted plaintiff's subjective complaints; and 3) the ALJ presented the vocational expert with an improper hypothetical and failed to inquire into conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles. The Court addresses each argument in turn.

### A. Treating Physician

Generally, "[a] treating physician's opinion is due controlling weight if that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (quotations omitted). However, a statement by a medical source that a claimant is disabled does not necessarily mean the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1527(e)(1). A medical source opinion that an applicant is "disabled" or "unable to work" involves an issue reserved for the Commissioner and therefore is not the type of "medical opinion" to which the Commissioner gives controlling weight. *Ellis v. Barnhart*, 392 F.3d 988, 994

(8th Cir. 2005) (citing *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("[T]reating physicians' opinions are not medical opinions that should be credited when they simply state that a claimant can not be gainfully employed, because they are merely opinions on the application of the statute, a task assigned solely to the discretion of the Commissioner.")). Further, although medical source opinions are considered in assessing RFC, the final determination of RFC is left to the Commissioner. *Id.* The ALJ must recite "good reasons" for the particular weight assigned to a treating physician's opinion, but is not required to explicitly discuss each of the factors set forth in 20 C.F.R. § 404.1527(d). *See Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000) (upholding ALJ's decision to discount opinion for "two good reasons").

In discounting plaintiff's treating physician's opinion, the ALJ clearly and thoroughly explained that Dr. Jacoby's residual functional capacity opinion was inconsistent with plaintiff's medical records from Dr. Jacoby and several other physicians. The Magistrate Judge agreed, explicitly stating that "even looking only at plaintiff's proffered example of April to December 2002, the record reflects more claims of an active lifestyle and no fatigue than claims of debilitating fatigue and weakness." (R&R at 20.) The Magistrate Judge noted additionally that Dr. Jacoby's several written opinions contain differing information. The Court concludes that the ALJ properly discounted Dr. Jacoby's conclusion that plaintiff could not work and credited the other medical experts, including Dr. LaBree, who concluded that plaintiff could perform limited sedentary work.

### B.  Subjective Complaints

With respect to plaintiff's subjective complaints, the Court concurs with the Magistrate Judge's recommendation to affirm the ALJ's determination on this point. The ALJ discussed each of the factors identified in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), and his decision to give less weight to plaintiff's subjective complaints of pain is supported by several findings in the record. Plaintiff's medical records and testimony indicate that, during the relevant time period of 2002, plaintiff was able to perform a wide range of daily activities during the relevant time period of 2002; was able to function without pain medication or treatment; and did not suffer significant side effects from and was helped by the therapy she began for treatment of her MS, which was beginning to progress. This evidence supports the ALJ's determination that plaintiff was not disabled during the relevant time period and retains the residual functional capacity to perform limited sedentary work and constitutes substantial evidence in the record as a whole that this determination was reasonable.

### C.  Hypothetical

Because the ALJ had previously determined that plaintiff was not disabled during the relevant time period and could perform her previous work, the ALJ was not required to obtain or rely on the testimony of a vocational expert. *Barrett v. Shalala*, 38 F.3d 1019, 1024 (8th Cir. 1994) (stating that the testimony of a vocational expert is required only if and after the claimant has carried the initial burden of showing that he is unable to perform his past relevant work). Accordingly, any error in the hypothetical posed to the

vocational expert or omission in the ALJ's inquiry of the vocational expert provides no basis for overruling the determination of the ALJ.

The Court finds that the ALJ's determination was supported by substantial evidence in the record and, accordingly, denies plaintiff's motion for summary judgment and grant's defendant's motion for summary judgment.

## ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 23] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 22]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment [Docket No. 10] is **DENIED.**

2. Defendant's Motion for Summary Judgment [Docket No. 16] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   September 13, 2005                     s/ John R. Tunheim       _
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                          United States District Judge